## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **LUIS DANIEL EURIZA ALVAREZ** | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | Case No.___9:26-cv-58(AJB)___ |
| | ) | |
| **MICHAEL PHILIPS**, in his official capacity as | ) | |
| Acting Field Office Director of the Immigration | ) | |
| and Customs Enforcement, Enforcement and | ) | |
| Removal Operations Buffalo Field Office; | ) | |
| **KRISTI NOEM**, in her official capacity as | ) | |
| Secretary of the U.S. Department of Homeland | ) | |
| Security; **PAMELA BONDI,** in her official | ) | |
| Capacity as Attorney General of the United States, | ) | |
| | ) | |
| *Respondents.* | ) | |

## PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## <u>INTRODUCTION</u>

1.    Petitioner, Luis Daniel Euriza Alvarez ("Mr. Euriza Alvarez"), has been residing in the United States since February 19, 2022.

2.    On or around November 24, 2025, he was apprehended by Immigration and Customs Enforcement ("ICE") while he completed a work task at a U.S. military base.

3.    Mr. Euriza Alvarez is charged with having entered the United States without inspection and being present without valid immigration documents under 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(7)(A)(i).  *See* Exhibit 2, NTA.  He remains in unlawful detention, without the opportunity for a bond hearing, under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

1

4.    *Matter of Yajure Hurtado,* 29 I&N Dec. 216 articulates a new Executive Office for
Immigration Review ("EOIR") policy that all persons who entered the United States
without inspection, regardless of how long they have lived in the United States or how far
they were apprehended from the border, are detained pursuant to 8 U.S.C.
§ 1225(b)(2)(A) and are thus ineligible for a discretionary bond hearing under § 1226(a).

5.    This Board of Immigration Appeals ("BIA") decision further reflects an ICE
memorandum, issued in July 2025, that instructs its attorneys to coordinate with the
Department of Justice, the agency housing EOIR, to reject custody redetermination
hearings for applicants who arrived in the United States without documents.[1]

6.    The agencies' reading of the Immigration and Nationality Act's ("INA's") detention
provisions is a violation of the statute and due process.  As almost two dozen courts in the
Second Circuit have already concluded, § 1225(b)(2)(A) does not apply to individuals
like Mr. Euriza Alvarez, who have been present in the United States for years.  *See, e.g.,*
*Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 U.S. Dist. LEXIS 1766, *8 (E.D.N.Y.
Jan. 6 2026) (collecting cases); *Mercado v. Francis*, No. 25-cv-6582, 2025 U.S. Dist.
LEXIS 232876, *14 (S.D.N.Y. Nov. 26, 2025); *Ricardo Aparecido Barbosa DA Cunha*
*v. Freden*, No. 25-CV-6532, 2025 U.S. Dist. LEXIS 231809, *17 (W.D.N.Y. Nov. 25.
2025).  Instead, such individuals are subject to detention under § 1226(a) and are eligible
for release on bond.  *See Crespo Tacuri*, 2026 U.S. Dist. LEXIS 1766, at *14.

---

[1] *See* "ICE declares millions of undocumented immigrant ineligible for bond hearings," *The Washington Post* (Jul. 15, 2025) https://www.washingtonpost.com/immigration/2025/07/14/ice-trump-undocumented-immigrants-bond-hearings/.

7.    Accordingly, Mr. Euriza Alvarez seeks an order of declaratory and injunctive relief and set aside relief under the Administrative Procedure Act ("APA") requiring that he is provided with a bond hearing before an immigration judge ("IJ").

## JURISDICTION & VENUE

8.    This Court has jurisdiction under 28 U.S.C. § 2241 (federal habeas statute); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2201-2 (declaratory judgement); and United States Constitution Article I, Section 9 (Suspension Clause).

9.    The federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear habeas claims by individuals challenging the lawfulness of their detention. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003). In *Jennings v. Rodriguez*, 583 U.S. 281, 292-96 (2018), the Supreme Court again upheld the federal courts' jurisdictions to review such claims.

10.   Venue is proper in this district and division pursuant to 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 1391(b)(2) and (e)(1) because Mr. Euriza Alvarez is detained within this district.

## THE PARTIES

11.   Mr. Euriza Alvarez is a citizen of Cuba who entered the United States in or around February 19, 2022. He is currently detained in Broome County, New York.

12.   Respondent, Michael Philips, is the Director of the ICE Enforcement and Removal Operations Buffalo Field Office, and is the federal agent charged with overseeing most ICE detention centers in the state of New York. Mr. Philips is a legal custodian of Mr. Euriza Alvarez and he is sued in his official capacity.

13.    Kristi Noem is the Secretary of the U.S. Department of Homeland Security ("DHS").

DHS oversees ICE, which is responsible for administering and enforcing the immigration

laws.  Secretary Noem is the ultimate legal custodian of Mr. Euriza Alvarez.  She is sued

in her official capacity.

14.    Pamela Bondi is the Attorney General of the United States.  She oversees the immigration

court system, which is housed within EOIR and includes all IJs and the BIA.  She is sued

in her official capacity.

## LEGAL BACKGROUND

### I.    OVERVIEW OF THE INA'S DETENTION FRAMEWORK

15.    Relevant to this case, the INA includes two provisions that primarily govern the detention

of noncitizens.

16.    First, 8 U.S.C. § 1226 authorizes the detention of noncitizens in standard non-expedited

removal proceedings before an IJ.  *See* 8 U.S.C. § 1229a.  Individuals in § 1226(a)

detention are entitled to a bond hearing at the outset of their detention, *see* 8 C.F.R.

§§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or

convicted of certain crimes are subject to mandatory detention, *see* 8 U.S.C. § 1226(c).

17.    Second, the INA provides for mandatory detention of noncitizens subject to expedited

removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals seeking admission

under § 1225(b)(2).

18.    The detention provisions at § 1226(a) and § 1225(b)(2) were enacted as part of the Illegal

Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996, Pub. L. No.

104208, Div. C, §§ 30203, 110 Stat. 3009-546, 3009 582 to 3009583, 3009 585.

Section 1226(a) was most recently amended by the Laken Riley Act, Pub. L. No.119-1, 139 Stat. 3 (2025).

19.    Following the enactment of IIRIRA, EOIR drafted new regulations explaining that, in general, people who entered the country without inspection were not considered detained under § 1225 and that they were instead detained under § 1226(a). *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

20.    Thus, in the decades that followed, most people who entered without inspection, unless they were subject to some other detention authority, received bond hearings.

21.    This practice was consistent with many more decades of prior practice, in which noncitizens who were not deemed "arriving" were entitled to a custody hearing before an IJ or other hearing officer. *See* 8 U.S.C. § 1252(a) (1994); *see also* H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply the detention authority previously found at § 1252(a)); *see also Mercado*, 2025 U.S. Dist. LEXIS 232876, at *21 (stating that, "[t]here is no evidence in the statutory history that Congress, in IIRIRA, intended to cause a seismic shift in the established policy and practice of allowing discretionary release under Section 1226(a)") (cleaned up).

## II.    RESPONDENTS HAVE ENACTED A POLICY THAT VIOLATES INA'S STATUTORY SCHEME

22.    In July 2025, ICE released a memorandum instructing its attorneys to coordinate with EOIR to reject bond hearings for applicants who arrived in the United States without documents.

23.    Thereafter, on September 5, 2025, the BIA published *Matter of Yajure Hurtado*, 29 I&N

Dec. 216, which confirms that EOIR is taking the position that noncitizens who entered

the United States without admission or parole are ineligible for IJ bond hearings.

24.    As *Matter of Yajure Hurtado* is binding on IJs, it represents the widespread position that

EOIR is applying across the United States.

25.    EOIR's interpretation defies the INA.

26.    The plain text of the provisions demonstrates that § 1226(a), not § 1225(b), applies to

people like Mr. Euriza Alvarez.

27.    Section 1226(a) applies by default to all persons "pending a decision on whether the

[noncitizen] is to be removed from the United States."

28.    The text of § 1226 also explicitly applies to people charged as being inadmissible,

including those who entered without inspection.  *See* 8 U.S.C. § 1226(c)(1)(E).

Subparagraph (E)'s reference to 8 U.S.C. § 1182(a)(6)(A)(i) makes clear that, by default,

such people are afforded a bond hearing under subsection (a).  Section 1226 therefore

leaves no doubt that it applies to people who face charges of being inadmissible to the

United States, including those who are present without admission or parole.

29.    On the contrary, § 1225(b) applies to people arriving at U.S. ports of entry or who

recently entered the United States.  The statute's entire framework is premised on

inspections at the border of people who are "seeking admission" to the United States.

8 U.S.C. § 1225(b)(2)(A).  Indeed, the title of § 1225(b) indicates that it specifically

applies at the point of "inspection for applicants for admission."

30.    Moreover, EOIR's interpretation of the INA's detention framework contradicts Supreme Court precedent.  *See Crespo Tacuri*, 2026 U.S. Dist. LEXIS 1766, at *13 (explaining that "Respondents' interpretation is also at odds with" Jennings, 583 U.S. 281).

31.    Accordingly, the mandatory detention provision of § 1225(b)(2) does not apply to Mr. Euriza Alvarez.

### III.    *Maldonado Bautista* Rejected Respondents' Detention Policy and Ordered that Nationwide Class Members Are Entitled to Bond Hearings

32.    On November 20, 2025, the Central District of California issued an order granting partial summary judgment ("MSJ Order") in *Lazaro Maldonado Bautista et al. v. Ernesto Santacruz Jr. et al.*, No. 5:25-cv-01873, which rejected Respondents' policy governing Mr. Euriza Alvarez's continued detention. C.D.Cal. No. 5:25-cv-01873, Dkt. 81.

33.    Shortly thereafter, the *Maldonado Bautista* court granted a nationwide class certification covering all noncitizens in the United States without lawful status who: (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time DHS makes an initial custody determination.  C.D.Cal. No. 5:25-cv-01873, Dkt. 83.  The court concluded that class members are detained under 8 U.S.C. § 1226(a) and must be afforded a bond hearing before an IJ.

34.    Following the *Maldonado Bautista* court's decisions, the Respondents took the position that, because the MSJ Order was not final, it was merely an advisory opinion.

35.    In light of this confusion, on December 18, 2025, the *Maldonado Bautista* court granted the Plaintiffs' request to issue a clarifying decision and enter a final judgment.  C.D.Cal. No. 5:25-cv-01873, Dkt. 94.  In doing so, the court clarified that its MSJ Order had

declared Respondents' detention policy unlawful and, thus, had vacated it under the APA. *Id.* The Court further clarified that, while the MSJ Order did not grant vacatur of *Matter of Yajure Hurtado* under the APA, the decision could not "be squared with the MSJ Order." *Id.* at 6. Accordingly, *Matter of Yajure Hurtado* is "no longer controlling; the legal conclusion underlying the decision is no longer tenable." *Id.*

36.     The *Maldonado Bautista* court furthermore entered a final judgment. *Id.* at 11. It concluded that its "posture [was] distinct from where it stood on November 20, 2025," because, at that time, a "final judgment was not appropriate due to the pending motion for class certification." *Id.* at 11. Because of the "change in procedural posture," however, as well as the "new facts indicat[ing] Respondents ha[d] counseled the noncompliance with the Court's orders," the *Maldonado Bautista* court concluded that its "previous reasons supporting delay in entry of final judgment pursuant . . . no longer exist[ed]."

37.     As Mr. Euriza Alvare is a *Maldonado Bautista* class member, he is entitled to a bond hearing under 8 U.S.C. § 1226(a).

## **FACTS**

38.     Mr. Euriza Alvarez is a 36-year-old native and citizen of Cuba who, in 2022, entered the United States. Prior to his arrival, he was beaten and tortured by the Cuban National Revolutionary Police because of his political ideals against the current Cuban dictatorship. Upon entering the United States at the Del Rio, Texas port of entry, ICE processed and released him. Ex. 1, Form I-213.

39.     After his release, Mr. Euriza Alvarez established stable residence with his family at 114 Mistywood Ct, Kissimmee, Florida 34743, where he lived with his wife and daughter. During this time, he was an active and supportive father despite his long work

schedule as a truck driver.  He regularly assisted with household chores, helped prepare meals, ran errands such as grocery shopping, and provided academic support to his daughter by helping her with school assignments.

40.    Mr. Euriza Alvarez is deeply loved by his family and community, and his conduct reflects strong ties to the United States and a clear history of compliance with all legal obligations.

41.    Mr. Euriza Alvarez has no arrests, charges, or convictions in the United States.

42.    Mr. Euriza Alvarez was detained by ICE on or around November 21, 2025, in New York while he completed a vehicle pick-up at a U.S. military base to comply with his work duties.  Ex. 2.  He was later taken to the Broome Country Correctional Facility, where he has been detained since.

43.    On December 18, 2025, he filed an application for asylum with the immigration court of Napanoch, New York.

44.    Mr. Euriza Alvarez has requested a bond hearing before the IJ twice, arguing his inclusion in the class action case in *Lazaro Maldonado Bautista et al. v. Ernesto Santacruz Jr. et al.*, No. 5:25-cv-01873, but received denials citing lack of jurisdiction.

## CAUSES OF ACTION

## COUNT ONE

### *Violation of 8 U.S.C. § 1226(a)*
### *Unlawful Denial of Bond Hearing*

45.    Mr. Euriza Alvarez repeats, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

46.    The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are subject to inadmissibility as being present in the United States without admission

or parole. Such noncitizens are detained under § 1226(a), unless they are subject to another detention provision, such as § 1225(b)(1), § 1226(c), or § 1231.

47. The application of § 1225(b)(2) to bar Mr. Euriza Alvarez from receiving a bond hearing before an IJ violates the INA.

## COUNT TWO

### *Violation of the Administrative Procedure Act*
### *Unlawful Denial of Bond Hearing*

48. Mr. Euriza Alvarez repeats, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

49. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are subject to inadmissibility as being present in the United States without admission or parole. Such noncitizens are detained under § 1226(a), unless they are subject to another detention provision, such as § 1225(b)(1), § 1226(c) or § 1231.

50. The application of § 1225(b)(2) to bar Mr. Euriza Alvarez from receiving a bond hearing before an IJ is arbitrary, capricious, and not in accordance with law, and as such, it violates the APA. *See* 5 U.S.C. § 706(2).

## COUNT THREE

### *Violation of Due Process*
### *Unlawful Denial of Bond Hearing*

51. Mr. Euriza Alvarez repeats, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

52. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody,

detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas*, 533 U.S. at 690.

53.    Mr. Euriza Alvarez has a fundamental interest in liberty and being free from official restraint. Respondents' detention of Mr. Euriza Alvarez without a bond hearing to determine whether he is a flight risk or danger to others violates his right to due process.

**COUNT FOUR**

**Violation of *Maldonado Bautista***
**Unlawful Denial of Bond Hearing**

54.    Mr. Euriza Alvarez repeats, re-allege, and incorporate by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

55.    Mr. Euriza Alvarez is a member of the nationwide class certified in *Lazaro Maldonado Bautista et al. v. Ernesto Santacruz Jr. et al.*, No. 5:25-cv-01873.

56.    Respondents' detention of Mr. Euriza Alvarez without a bond hearing violates the *Maldonado Bautista*'s court final order that class members are detained pursuant to § 1226(a) and should thus be afforded a bond hearing.

**PRAYERS FOR RELIEF**

**WHEREFORE**, Mr. Euriza Alvarez respectfully requests that this Court:

(1)    Assume jurisdiction over this matter;

(2)    Declare that the refusal to allow Mr. Euriza Alvareza bond hearing before an IJ violates the INA, APA, and Due Process;

(3)    Declare that Mr. Euriza Alvareza is entitled to a bond hearing as a *Maldonado Bautista* class member.

(4)    Issue a writ of habeas corpus requiring that Respondents release him or provide the bond hearing to which he is entitled within 7 days;

11

(5)    Set aside Respondents' unlawful detention policy under the APA, 5 U.S.C. § 706(2);

(6)    and order further relief as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Ivan Yacub*
**Ivan Yacub**
Yacub Law Office
12761 Darby Brook Ct, Ste 102
Woodbridge, VA  22192
Tel. 703 553 2347
Fax 703 533 3408
iyacub@yacublaw.com
VA Bar No. 77792
*Requesting Admittance Pro Hac Vice*

I affirm, under penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

*Afirmo bajo pena de perjurio que las declaraciones precedentes son verdades y correctas según mi conocimiento, información y creencia.*

1-7-2026

**Mariela Lopez Rodriguez**
*Petitioner's Wife*
*Fecha*
*Esposa del Peticionario*

**Date**



